UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

JASON SHERWOOD ]
    Plaintiff, ]
]
v. ] No. 1:13-0111
] JUDGE HAYNES
CAROLYN JORDAN ]
    Defendant. ]

## O R D E R

Before the Court is a *pro se* prisoner complaint (Docket Entry No. 1) under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis* (Docket Entry No. 2).

A review of the application reflects that Plaintiff lacks sufficient financial resources from which to pay the fee required to file the complaint. Accordingly, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**. 28 U.S.C. § 1915(a).

Plaintiff is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff an inmate at the South Central Correctional Center ("SCCC") in Clifton, Tennessee. Plaintiff filed this action against the Defendant Carolyn Jordan, the Tennessee Department of Correction's designee for the SCCC facility. Plaintiff's complaint concerns the conditions of his confinement based upon a lockdown at SCCC after an altercation in the dining hall. (Docket Entry Nos. 1 and 2 at 3). As a result of the lockdown, Plaintiff alleges that he now receives sack lunches three times a day and that access to showers was halted, but has resumed. As to the effect of those restrictions, Plaintiff alleges constipation for which he alleges has been denied medial treatment.

*Pro se* pleadings are subject to liberal construction, Haines v. Kerner, 404 U.S. 519 (1972), but a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff's allegations must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

Here, Plaintiff's claim is that as the "T.D.O.C. designee," Plaintiff alleges that the Defendant has failed to address SCCC's short term responses to the lockdown at SCCC, particularly meals and shower access. The attachments to Plaintiff's papers reflect that Plaintiff did not identify any name in his grievances about the alleged lockdown conditions so as to inform the Defendant Jordan and afford her an opportunity to address in the grievance process. In any event, a temporary restrictive conditions for a matter of days do not rise to the level of a constitutional violation. Taylor v. Lawson, 503 Fed. Appx. 475, 478 (6th Cir. 2012). See also Lyons v. Papantoniou, 55 F.Supp. 4 aff'd 705 F.2d 455 (6th Cir. 1982) (ten days without adequate toilets). Accordingly, the Court

2

concludes that Plaintiff's complaint fails to state a claim for relief.

An appeal of the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445-446 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

If Plaintiff decides to file a notice of appeal, Plaintiff must either pay the Clerk of Court the full appellate filing fee of four hundred fifty five dollars ($455.00) or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997).

The Clerk is directed to send a copy of this order to the Warden of the South Central Correctional Center to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 20th day of September, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court

3